

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:16CR154–HEH
)
DEVON N. KENNEDY, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Devon N. Kennedy, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 38). Kennedy demands relief on the following grounds:[1]

| | |
|---|---|
| Claim One: | Counsel was ineffective because he "made no objections as to [sentencing] enhancements." (Mem. Supp. § 2255 Mot. 2, ECF No. 39.) |
| Claim Two: | Kennedy was subjected to a "sentencing disparity" because his "co-defendant . . . received a sentence of 5 months" and Kennedy "received a sentence of 87 months." (§ 2255 Mot. 6.) |
| Claim Three: | "Violation of [Kennedy's] 5th and 6th Amendment rights" because Kennedy was forced to sign legal documents "without having defense counsel present." (*Id.* at 8 (citations omitted).) |

The Government has responded, asserting that Kennedy's claims lack merit. (ECF No. 43.) Kennedy filed a reply. (ECF No. 44.) For the reasons set forth below, Kennedy's § 2255 Motion will be denied.

---

[1] The Court corrects the capitalization, punctuation, and spacing in quotations from Kennedy's submissions.

# I. PROCEDURAL HISTORY

## A. Indictment and Guilty Plea

On December 20, 2016, a grand jury charged Kennedy with two counts of making a false statement during purchase of a firearm (Counts One and Two), and one count of possession of a firearm by a convicted felon (Count Three). (Indictment 1–2, ECF No. 3.) On February 16, 2017, Kennedy pled guilty to Counts Two and Three, and the Government agreed to dismiss Count One. (Plea Agreement ¶¶ 1, 9, ECF No. 19.) In the Plea Agreement, Kennedy agreed that he was pleading guilty because he was in fact guilty of the charged offenses and "admit[ed] the facts set forth in the statement of facts filed with this plea agreement and agree[d] that those facts establish [his] guilt of the offense beyond a reasonable doubt." (*Id.* ¶ 2.) Kennedy agreed that "[t]he maximum penalties for each of these offenses are a maximum term of 10 years of imprisonment" (*id.* ¶ 1), and "that the Court has jurisdiction and authority to impose any sentence within the statutory maximum . . . ." (*Id.* ¶ 4.) The Plea Agreement provided that the "United States makes no promise or representation concerning what sentence the defendant will receive." (*Id.*) Kennedy also agreed that he understood that he was waiving his "right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) . . . ." (*Id.* ¶ 5.)

The Statement of Facts set forth Kennedy's guilt as follows:

> 1. At all times relevant to the Indictment and Statements of Facts, the defendant, DEVON N. KENNEDY, was a resident of the State of Maryland.
> 2. Beginning in or around April 2016, the defendant approached a resident of the Commonwealth of Virginia, J.H., and requested that J.H. purchase firearms in Virginia for the defendant. The defendant had been

previously convicted of a crime punishable by imprisonment for a term exceeding one year, and was legally prohibited from possessing a firearm. The defendant was aware of this fact.

3. On or about May 23, 2016, in the Eastern District of Virginia, the defendant did knowingly aid and abet J.H. who, in connection with the acquisition of a firearm *i.e.,* a Glock 9 mm handgun, Model 19, bearing serial number BBLL716, from Liberty Firearms & Surplus, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement to Liberty Firearms & Surplus, which statement was intended and likely to deceive Liberty Firearms & Surplus, as to a fact material to the lawfulness of such sale and disposition of the said firearm to that individual under chapter 44 of Title 18, in that J.H. falsely claimed to be the actual buyer of the firearm in question, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

4. On or about May 23, 2016, in the Eastern District of Virginia, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, that same firearm, to wit: a Glock 9 mm handgun, Model 19, bearing serial number BBLL716; said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

5. Between April 28 and May 23, 2016, the defendant directed J.H. to purchase a total of sixteen firearms from firearms dealerships in the Eastern District of Virginia. The defendant provided J.H. with the funds to purchase those firearms, and directed that J.H. falsely represent to those firearms dealers that J.H. was the actual purchaser of each firearm. In fact, J.H. was purchasing those firearms on behalf of the defendant, and J.H. provided each of those firearms to the defendant following the completion of the firearm purchase.

6. Following each transaction, the defendant traveled back to the State of Maryland with the firearms that he had obtained from J.H. The defendant thereafter sold or transferred each of those sixteen firearms to other individuals in the State of Maryland, with the sole exception of the Glock 9 mm handgun described in Paragraphs 3 and 4.

7. The actions taken by the defendant as described above were taken willfully, knowingly, and not by mistake or accident.

(Statement of Facts ¶¶ 1–7, ECF No. 20.)

During the Rule 11 proceedings, Kennedy agreed that he could not withdraw his guilty plea if he received a harsher sentence than he expected. (Feb. 16, 2017 Tr. 6–7, ECF No. 42.) Kennedy agreed that he understood the two charges to which he was

3

pleading guilty and agreed that the maximum penalty for each count was up to ten years of imprisonment. (Feb. 16, 2017 Tr. 11, 14.) Kennedy averred that no one had threatened him into pleading guilty and agreed that he had sufficient time to discuss the charges, the facts underlying the charges, any possible defenses, and the terms of his Plea Agreement with his attorney. (Feb. 16, 2017 Tr. 13–14, 16.) The Court explained that his sentence would be somewhere between zero years and ten years of incarceration and the exact sentence would depend upon the sentencing guidelines and his criminal history. (Feb. 16, 2017 Tr. 14–16.) Kennedy agreed that counsel had discussed potential sentences with him and that he understood that these potential sentences were predictions not promises. (Feb. 16, 2017 Tr. 18–19.) When asked if he was satisfied with counsel's performance, Kennedy answered in the affirmative and agreed that "there [were no] motions that [he] wanted [counsel] to file that he did not file." (Feb. 16, 2017 Tr. 19.) Kennedy averred that it was his choice alone to plead guilty, and that he understood that by pleading guilty he was admitting to the elements of each charge and was giving up his right to have the Government prove these elements through evidence at trial. (Feb. 16, 2017 Tr. 20–22.) Kennedy agreed that he was pleading guilty because he was, indeed, guilty of the charges. (Feb. 16, 2017 Tr. 22.) The Court accepted the guilty plea, finding that it was knowing and voluntary and supported by an independent basis of fact. (Feb. 16, 2017 Tr. 29.)

B. Sentencing

Prior to sentencing, a Presentence Report ("PSR") was prepared. (ECF No. 28.) Kennedy's Base Offense Level under Chapter Two of the United States Sentencing

Guidelines ("USSG") was 20, because "the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine," Kennedy was a "prohibited person," and he "committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm." (PSR ¶ 22; see USSG § 2K2.1(a)(4)(B).) Kennedy received a four-level enhancement because the offense involved sixteen firearms, and a second four-level enhancement because he engaged in trafficking firearms. (Id. ¶¶ 23–24.) The PSR recommended no Chapter Four enhancements, and with a three-level reduction for acceptance of responsibility, Kennedy's Total Offense Level was 25. (Id. ¶¶ 29–32.) Kennedy qualified for a criminal history score of III based on his prior convictions and the fact that he committed the instant offenses while under a period of probation for a firearms conviction. (Id. ¶¶ 37–39.) Kennedy's sentencing guidelines range was 70 to 87 months of incarceration. (Id. at 22.) Defense counsel noted an objection to the Base Offense Level of 20 under USSG § 2K2.1(a)(4)(B). (ECF No. 27, at 1–3; see May 19, 2017 Tr. 4–5, ECF No. 41.)

On May 4, 2017, the Court filed a Notice of Contemplated Upward Variance or Departure "based on the number and nature of the firearms involved in the offense, Defendant's criminal history, the need to promote respect for the law, and the need to provide adequate deterrence to criminal conduct." (ECF No. 30, at 1.) The Government agreed and moved for an upward variance of 97 months of incarceration on each count to be served concurrently. (ECF No. 31, at 1.) The Government also provided documents reflecting that Kennedy and his straw purchaser purchased "three particular firearms that appear[ed] to have the capacity of accommodating a magazine holding up to 15 rounds,

5

and that there was a clip that was purchased that fits that particular weapon." (May 19, 2017 Tr. 5, ECF No. 41.)

During sentencing, the Court overruled Kennedy's objection to his Base Offense Level of 20 in the PSR. (May 19, 2017 Tr. 5.) After considering a host of relevant factors, including the Government's motion for an upward variance sentence of 97 months, the Court sentenced Kennedy to 87 months of incarceration on each count to be served concurrently. (May 19, 2017 Tr. 41–42; J. 2, ECF No. 36.) Kennedy filed no appeal. On October 13, 2017, the Court received the instant § 2255 Motion. (§ 2255 Mot. 2.)

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel

claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim One, Kennedy faults counsel because he "made no objections to use of [sentencing] enhancement." (§ 2255 Mot. 5.) Kennedy claims that "[d]efense counsel never raised any issues as to defendant signing for responsibility of a large capacity magazine, as well as his signing for a forfeiture agreeing to the large capacity magazine." (*Id.*) Kennedy also refers to a "waiver of rights form" that he signed. (Mem. Supp. § 2255 Mot. 2 (internal quotation marks omitted).) The Government indicates that the form that Kennedy is referring to is a written statement about the firearms he purchased and sold that he provided to police on May 26, 2016, that was filed with the Court as an exhibit to the Government's Position on Sentencing. (Resp. 5; *see* ECF No. 31-1, at 1–5.) Although Kennedy's claim is difficult to follow, he appears to believe that the application of the Base Offense Level of 20, pursuant to USSG § 2K2.1(a)(4)(B), was somehow improperly based on his written statement, and faults counsel for not objecting on this ground.

As a preliminary matter, counsel did, indeed, object to the application of USSG § 2K2.1(a)(4)(B); however, the Court overruled the objection. (PSR Addendum A–1, ECF No. 28; May 19, 2017 Tr. 4–5.) Thus, Kennedy's allegation that counsel "made no objections" is false.

To the extent that Kennedy believes that his Base Offense Level of 20 was somehow based on his written statement, the record fails to reveal that the probation officer, the Government, or the Court relied on the written statement in recommending or

7

fashioning his sentence. Moreover, contrary to Kennedy's assertion, this written statement was not admitted as an exhibit during sentencing. Rather, the Government presented sales records from various firearm dealerships that had sold the firearms and the high-capacity magazines to Kennedy's straw-purchaser and accomplice. (ECF No. 31-2 through 31-3; *see* May 19, 2017 Tr. 4–5.) The Court asked counsel whether he had any objection to the Court "reviewing the documents submitted by the United States, which are documents reflecting the purchase of three particular firearms that appear to have the capacity of accommodating a magazine holding up to 15 rounds, and that there was a clip that was purchased that fits that particular weapon," and counsel indicated that he did not. (May 19, 2017 Tr. 4–5.) Thus, Kennedy fails to demonstrate that the Court relied on his written statement in fashioning his sentence. To the extent that Kennedy believes that the Base Offense Level of 20 under USSG § 2K2.1(a)(4)(B) was not appropriate, he fails to advance any persuasive argument that counsel should have raised. Kennedy fails to demonstrate any deficiency of counsel or resulting prejudice and Claim One will be dismissed.[2]

### III. PROCEDURALLY DEFAULTED CLAIM

In Claim Two, Kennedy argues that he was subjected to a "sentencing disparity" because his "co-defendant . . . received a sentence of 5 months" and Kennedy "received

---

[2] The Court believes that underlying Kennedy's claims is his dissatisfaction with the length of the sentence he received. However, in his Plea Agreement and during the Rule 11 hearing, Kennedy agreed that he understood that he could receive up to ten years of incarceration and that receiving a harsher sentence than he felt appropriate was not a valid reason to challenge his guilty plea. (Plea Agreement ¶¶ 1, 4, 5; Feb. 16, 2017 Tr. 6–7, 11, 14.)

a sentence of 87 months." (§ 2255 Mot. 6.)[3] Kennedy believes that the Court abused its discretion and failed to appropriately consider the factors in 18 U.S.C. § 3553(a) in fashioning his sentence. (Mem. Supp. § 2255 Mot. 5–6.) The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claim Two is barred from review here because Kennedy could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). Kennedy fails to make such a showing, and accordingly, Claim Two is barred from review.[4]

---

[3] Contrary to Kennedy's characterization of his straw-purchaser and accomplice, Justin Hall, as a "co-defendant," Kennedy was charged by himself. Hall was charged in a separate Indictment, pled guilty to one count of transfer of a firearm to an out of state resident, and was sentenced to five months of imprisonment. *See United States v. Hall*, No. 3:16CR77–HEH (E.D. Va.)

[4] Moreover, this claim is not cognizable in § 2255 because it does not attack the constitutionality of his sentence or the Court's jurisdiction to impose the sentence, *see* 28 U.S.C. § 2255, and any alleged error fails to constitute a "complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citation omitted). For the first time in his Reply, Kennedy adds a new claim faulting counsel for failing to "request[] a hearing as to the [§ 3353(a)] factors" and contending that counsel should have argued that he only played a "Minor Role." (Reply 4.) Kennedy orchestrated the crimes, and any suggestion that Kennedy was a minor participant would have been futile. Other than this vague statement, Kennedy fails to identify any additional persuasive argument that counsel could have made with respect to his sentence. Thus, Kennedy fails to demonstrate deficiency of counsel or resulting prejudice. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"); *United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013) (citations omitted) (internal quotation marks omitted) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court").

## IV. CLAIM BARRED BY VALIDLY ENTERED GUILTY PLEA

In Claim Three, Kennedy argues that police violated his "5th and 6th Amendment rights" because Kennedy was forced to sign legal documents "without having defense counsel present." (§ 2255 Mot. 8.) Kennedy also suggests that he was never notified of his *Miranda* rights. (Mem. Supp. § 2255 Mot. 6 (citations omitted).) However, "[i]t is well-established that a voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivations." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)). Neither Kennedy nor the record suggest any reason to question the validity of his guilty plea. Accordingly, Kennedy's claim raising alleged violations of his Fifth and Sixth Amendment rights stemming from his arrest and detention is foreclosed by his validly entered guilty plea. Accordingly, Claim Three will be dismissed.

## V. CONCLUSION

For the foregoing reasons, Kennedy's § 2255 Motion (ECF No. 38) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Dec. 19, 2018
Richmond, Virginia